UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVYN L. LEFKOWITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-554 NAB |
| | ) |
| VALOBRA OF TEXAS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Valobra of Texas, LLC's[1] ("Valobra") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Transfer Venue. [Doc. 9.] Plaintiff Melvyn L. Lefkowitz opposes Valobra's motion. [Doc. 14.] Valobra filed a Reply Memorandum in Support of its Motion to Dismiss or Transfer Venue. [Doc. 15.] Based on the following, the Court will deny Valobra's Motion to Dismiss without prejudice and grant its alternative Motion to Transfer Venue.

**I. Background**

Lefkowitz filed this action against Valobra for breach of contract. Lefkowitz offers the following facts in opposition to the Motion to Dismiss. Valobra, through its agent, third-party John A. Evatz ("Evatz"), negotiated an agreement to sell Lefkowitz a ring worth $86,900. (Pet. ¶¶ 7,11, 16-18, 36.) In violation of the agreement, Valobra failed to properly size and set the ring after two failed attempts. (Pet. ¶¶ 37-38.) After the failed attempts, Valobra, through Evatz, agreed to accept the return of the ring and refund the purchase price paid by Plaintiff. (Pet. ¶ 38, Lefkowitz Decl. ¶¶ 10-11.) On October 25, 2013, Lefkowitz received a letter from Franco

---

[1] For ease of reference, the Court will refer to Defendant Valobra of Texas and Mr. Franco Valobra, the sole member of Valobra, as Valobra.

Valobra stating that Valobra was in possession of the ring and refused to refund any money to Lefkowitz. (Pet. ¶¶ 39-40, Lefkowitz Decl. ¶ 13.)

Evatz avers to the following facts for consideration. Evatz is an agent for jewelers with the title of Global Luxury Ambassador. (Evatz Decl. ¶ 1.) Valobra "expressly authorized and directed [him] to take the rings to St. Louis, Missouri to present them to Mr. Lefkowitz, as a potential purchaser of the rings." (Evatz Decl. ¶ 4.) Valobra gave him the ring at issue and certain prices to offer Lefkowitz for the "express purpose of the negotiations and presentation that were to take place with Mr. Lefkowitz in St. Louis, Missouri." (Evatz Decl. ¶ 5.) Evatz came to St. Louis and presented the Valobra jewelry to Lefkowitz who accepted the ring at issue. (Evatz Decl. ¶ 6.) Then, the ring was returned to Valobra to be re-sized and reset to fit Lefkowitz's wife's finger. (Evatz Decl. ¶ 7.) Evatz was in constant communication with Valobra through Beatrice Bornibus, Managing Director of Valobra in Houston and with Lefkowitz through his secretary, Nancy Swoboda. (Evatz Decl. ¶ 8.) Bornibus and Swoboda "arranged the various deliveries and pick-ups of the ring over the multiple times the ring was re-sized and reset." (Evatz Decl. ¶ 9.) Valobra received payment for the ring at issue and paid him a commission for the services provided to Valobra. (Evatz Decl. ¶ 9.)

Valobra's owner, Franco Valobra avers that he is the sole member of Valobra. (Valobra Decl. ¶ 1.) Valobra's declaration presents the following facts for purposes of the motion to dismiss. Evatz was not an employee, agent, or representative of Valobra at the time of the sale of the ring and had no authority to bind Valobra or negotiate the terms of the agreement with Lefkowitz. (Valobra Decl. ¶ 5-7.) The sale of the ring was initiated by Evatz and Evatz negotiated the sale of the ring on behalf of Lefkowitz with Valobra in Houston, Texas. (Valobra Decl. ¶¶ 5, 8.) At Evatz's request, Valobra sized the ring at issue in Houston, Texas and Evatz

2

picked the ring up from Valobra in Houston, Texas. (Valobra Decl. ¶¶ 9-10.) Evatz attempted to improperly return the ring to Valobra in Houston, Texas by leaving the ring in a bag on Valobra's counter, but Valobra did not accept return of the ring. (Valobra Decl. ¶ 11.) Valobra has had no contact with Missouri other than to sell the ring to Lefkowitz and the sale was negotiated in Texas with Evatz on behalf of Lefkowitz. (Valobra Decl. ¶ 13.) No employee or representative of Valobra has ever been to Missouri in connection with the sale of the ring to Plaintiff. (Valobra Decl. ¶ 13.) Valobra has never conducted business in Missouri. (Valobra Decl. ¶ 14.) Valobra is a Texas limited liability company and does not have any offices or branches in Missouri. (Valobra Decl. ¶ 13.) No Valobra employee or representative has ever spoken in person or by phone or met with Lefkowitz or his spouse. (Valobra Decl. ¶¶ 14, 16.) Valobra does not have any place of business in Missouri and is not registered or licensed to do business in Missouri. (Valobra Decl. ¶ 17.) Valobra does not have a registered agent for service of process in Missouri. (Valobra Decl. ¶ 17.) Valobra does not pay taxes in Missouri and does not own, lease, or possess any real or personal property in Missouri. (Valobra Decl. ¶¶ 18-19.) Missouri cannot make purchases from Valobra's website, because the website has been inactive for approximately a year and a half. (Valobra Decl. ¶ 20.) Valobra has never advertised or promoted its business in Missouri. (Valobra Decl. ¶ 21.)

Based on the Petition and the declarations, it appears that the disputed transaction at issue in this suit was Evatz's representation to Lefkowitz that Valobra would accept return of the ring and refund the $86,900 purchase price of the ring.

**II.     Motion to Dismiss for Lack of Personal Jurisdiction**

   **A.     Standard of Review**

"To survive a motion to dismiss for lack of personal jurisdiction, a person must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subject to jurisdiction within the state." *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal citations omitted). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *K-V Pharmaceutical*, 648 F.3d at 592 (internal citations omitted). The Court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing. *Id.* "Nevertheless, the party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011).

   **B.     The Court cannot exercise jurisdiction under Missouri's long arm statute**

Missouri's long arm statute permits personal jurisdiction over any person or firm who carries out any of the following actions within the state:  (1) transacts business; (2) makes any contract; (3) commits a tortious act; (4) owns, uses, or possesses any real estate; (5) insures any person, property or risk; and (6) engages in any sexual intercourse with the mother of a child on or near the probable period of conception.  Mo. Rev. Stat. § 506.500(1).  "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the

long-arm statute, the statute will be interpreted to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process clause." *Viasystems*, 646 F.3d at 593 (internal citations omitted).

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Id.* at 593. "Personal jurisdiction can be specific or general." *Id.* Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless where the cause of action arose." *Id.*

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Id.* When evaluating personal jurisdiction under Missouri law, the district courts should first determine whether a defendant's conduct is covered by Missouri's long arm statute and if so, then the district court evaluates whether the exercise of jurisdiction comports with due process requirements.[2] *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citing *Bryan v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. 2010)). "Specific jurisdiction, unlike general jurisdiction, requires that the defendant must purposely direct its activities at residents of the forum state and the litigation arises out of or relates to those activities." *DeSirey v. Sandals Resorts Int'l, Ltd.*, No. 4:13-CV-881 RWS, 2013 WL 5945075 at *3 (E.D. Mo. Nov. 6, 2013).

---

[2] Neither party mentions that the Eighth Circuit has determined that the analysis of these two issues should be separate. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citing *Bryan v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. 2010)). Both parties collapse the arguments together, which the Eighth Circuit has stated is no longer valid. *Id.*

"[G]eneral jurisdiction is properly asserted over an out-of-state corporation, under Missouri law, when that corporation is present and conducting substantial business in Missouri. *Viasystems*, 646 F.3d at 595. "If a court has general jurisdiction over a defendant, it can adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* "Like specific jurisdiction, general jurisdiction can only be asserted insofar as it is authorized by state law and permitted by the due process clause." *Id.* "Because it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due-process threshold." *Id.* "A court may assert general jurisdiction over foreign corporations only if they have developed continuous and systemic general business contacts with the forum state, so as to render them essentially at home in the forum State." *Id.*

First, Valobra is not present in Missouri and it does not have continuous and systemic business contacts here to render it "at home" in Missouri. *See Viasystems*, 646 F.3d at 595 (general jurisdiction is properly asserted over an out-of state corporation, under Missouri law, when that corporation his present and conducting substantial business in Missouri). Therefore general jurisdiction does not exist in this case.

Second, the Court also finds that specific jurisdiction does not exist. "Determining the propriety of jurisdiction at a particular place always involves applying principles of fairness and reasonableness to a distinct set of facts, and the determination is not readily amenable to rigid rules that can be applied across the entire spectrum of cases." *Anderson v. Dassault Aviation*, 361 F.3d 449, 452 (8th Cir. 2004). "Specific jurisdiction may be established where the claim 'arises out of' or 'relates to' a defendant's contacts with the forum." *Pangaea, Inc. v. Flying Burrito, LLC*, 647 F.3d 741, 745 (8th Cir. 2011).

Essentially, Lefkowitz relies upon the actions of Evatz to establish personal jurisdiction over Valobra. "Although a court may exercise personal jurisdiction over a defendant through the acts of his agency, a party who relies upon the authority of the agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004). "Agency is a legal concept consisting of three elements: (1) the agent's power to alter legal relationships between the principal and third persons and himself, (2) a fiduciary relationship with respect to matters within the scope of the agency, and (3) the principal's right to control the conduct of the agent." *Karr-Bick Kitchens & Bath, Inc. v. Gemini Coatings, Inc.*, 932 S.W.2d 877, 879 (Mo. Ct. App. 1996). "Agency will not be inferred because a party assumed it existed." *Id.* "Express and apparent authority arise from the acts of the principal, not the alleged agent." *Romack*, 384 F.3d at 985. "A finding of apparent authority requires evidence that the principal has communicated directly with the third party or has knowingly permitted its agent to exercise authority. *Century Fin. Serv. Group, Ltd. V. First Bank*, 996 S.W.2d 92, 94 (Mo. Ct. App. 1999).

The evidence before the Court, fails to establish that Evatz was Valobra's agent. Lefkowitz avers that Evatz was Valobra's agent and Valobra avers that Evatz was Lefkowitz's agent. Evatz does not aver that he is Valobra's agent, he states that he is an "agent for jewelers" and his job requires him to "put high-end sellers of luxury items in touch with potential buyers." (Evatz Decl. ¶¶ 1, 3.) The sellers then pay him a commission for his services. (Evatz Decl. ¶ 3.) A review of the party's declarations and the Petition shows only that Evatz was an independent broker or middleman engaged in a business, as described by him, that puts high-end sellers in touch with buyers. Interestingly, Evatz does not aver that Valobra authorized him to accept return of the ring and offer Lefkowitz a refund, which appears to be the point of contention here.

There is no disagreement that Evatz received a ring from Valobra to sell to Lefkowitz. Evatz completed that transaction. There is no evidence in the record that demonstrates that Evatz was authorized to return the ring to Valobra for anything other than re-sizing and resetting. Valobra's actions after Lefkowitz attempted to return it for a refund call into question whether Evatz possessed authority to authorize a return and refund. When Lefkowitz attempted to return the ring to Valobra, Valobra did not accept the return and sent the ring back to Lefkowitz. (Lefkowitz Decl. ¶¶ 12-13, Valobra ¶ 11.) Therefore, the Court finds that Lefkowitz has not met his burden in proving that an agency relationship existed between Evatz and Lefkowitz or that the scope of any agency included authority to offer a return and refund regarding the ring. *See e.g., Cato Show Printing Co., Inc. v. W. Howell Lee*, 84 A.2d 947, 949 (N.Y. App. Div. 1981) (record clear that third-party was an independent broker or middleman engaged in a business where he puts together purchases of equipment for a profit). Therefore, the Court finds that personal jurisdiction cannot be established through the transaction of business or making contracts provisions of Missouri's long arm statute. *See Expert Advocates in Selection, Int'l., v. Proorbis*, No. 4:04-CV-729 SNL, 2005 WL 3320744 at *3-4 (E.D. Mo. Apr. 19, 2005) (personal jurisdiction lacking where independent contractor made initial contact with defendant on plaintiff's behalf and only communication between parties was e-mails, faxes, telephone, and mail).

        **C.**      **Exercise of Jurisdiction Would Violate the Due Process Clause**

Even if the Court could exercise jurisdiction under Missouri's long-arm statute, the exercise of jurisdiction would violate the due process clause of the Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S.Ct. 1115, 1121

(2014) "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (citing *International Shoe Co. v. State of Washington, Office of Unemployment Comp. Placement*, 326 U.S. 310, 316 (1945)). "The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state." *Myers*, 689 F.3d at 911. Courts should consider the totality of the circumstance in deciding whether personal jurisdiction exists. *Id.* at 912. The Eighth Circuit uses five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Meyers*, 689 F.3d at 911. "The first three factors are of 'primary importance,' while the last two factors are of 'secondary importance' and as such are not determinative of personal jurisdiction." *DeSirey v. Sandals* at *3.

The first three factors weigh in Valobra's favor. The nature, quality, and quantity of Valobra's contacts show that Valobra has sold one ring to a resident of Missouri through an independent third-party. Valobra's manager, Evatz, and Lefkowitz's secretary exchanged e-mails and some telephone communications. These contacts alone are insufficient to confer jurisdiction under the due process clause. *See Dairy Farmers of America, Inc. v. Bassett & Walker Int'l,* 702 F.3d 472, 479 (8th Cir. 2012) (defendant's communications with plaintiff insufficient to support the exercise of jurisdiction); *Viasystems*, 646 F.3d 589 at 594 (scattered e-

mails, phone calls, and a wire transfer of money to plaintiff are isolated contacts that are the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction). Second, Valobra has not purposely directed any of its activities at Missouri residents. As stated earlier, Lefkowitz cannot rely upon Evatz's actions to establish personal jurisdiction. Lefkowitz has failed to meet his burden to show that Evatz acted as Valobra's agent and that the scope of any agency included authority to offer a return and refund regarding the ring. The Petition itself clearly alleges that in April 2013, Evatz and Lefkowitz met regarding Lefkowitz's interest in purchasing a diamond ring for his wife. (Pet. ¶ 13.) Evatz agreed to present Lefkowitz with several rings. (Pet. ¶ 13, Lefkowitz Decl. ¶ 3.) Valobra had no contact with Lefkowitz. Evatz initiated the contact with Valobra and obtained the ring from Valobra in Texas. (Evatz Decl. ¶ 5, Valobra Decl. ¶ 5.) Valobra and Evatz worked out the details regarding the purchase price and sale of the ring in Texas. Evatz brought a variety of rings, including one from Valobra, for Lefkowitz to review. (Pet. ¶¶ 14-15, Lefkowitz Decl. ¶ 4, Valobra Decl. ¶ 5.)

Litigation in Missouri inconveniences Valobra and litigation in Houston inconveniences Lefkowitz. Missouri has an interest in providing a forum for its citizens, but that interest does not overcome the insufficiency of Valobra's contacts with Missouri. Therefore, the Court finds that the Court does not have personal jurisdiction over Valobra under Missouri's long-arm statute or within the confines of the Due Process Clause.

**III. Motion to Transfer Venue**

Valobra's alternative motion is to transfer venue to the Southern District of Texas. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The court

may transfer a case pursuant to § 1404(a) even without personal jurisdiction over a defendant." *Blume v. International Servs., Inc.*, No. 4:12-CV-165 DDN, 2012 WL 1957419 at *3 (E.D. Mo. May 31, 2012). "The statutory language reveals three general categories of facts that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The district court's consideration of transfer is not limited to an exhaustive list of specific factors, but the court "should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citing *Terra*, 119 F.3d at 691). Federal courts generally give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer typically bears the burden of proving that a transfer is warranted. *Apple*, 602 F.3d at 913. "This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *Id.* "Unless the balance of interests is strongly in favor of the movant, the plaintiff's choice of forum should prevail."

In consideration of convenience to the parties, the balance favors neither party as Plaintiff is in Missouri and Defendant is in Texas. The convenience to the witnesses favors Valobra. The potential witnesses in the action are Lefkowitz and his secretary who are in Missouri[3] and Evatz, Valobra, and Valobra's store manager who are in Texas. Evatz avers that it will not be inconvenient for him to travel to Missouri and he agrees to come here for any deposition and trial. (Evatz Decl. ¶ 12.) It is without dispute however, that Evatz cannot be compelled to testify here either for deposition or trial. *See* Fed. R. Civ. P. 45(c) (a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is

---

[3] Lefkowitz also states that Mrs. Dorothy Lefkowitz, his wife, may be a potential witness, but based upon the parties' pleadings it is unclear how she participated in the transactions at issue other than being the intended recipient of the ring.

11

employed, or regularly transacts business or within the state where the person resides, is employed or regularly transacts business). He can be compelled to appear in the Southern District of Texas where he resides. Evatz is the key witness in this action, because he is the one who promised Lefkowitz that the ring could be returned for a full refund. The ring and money at issue are currently located in Texas. E-mails exchanged among the parties and witnesses obviously can be produced anywhere. The Court recognizes that a burden will be placed upon Lefkowitz to litigate in Texas, instead of his chosen forum of Missouri.

In the interests of justice and judicial economy, the Court finds that this case should not be dismissed for lack of personal jurisdiction, but transferred to the Southern District of Texas. *See Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1238 (8th Cir. 1994) (correct course of action was for district court to either dismiss the suit for want of personal jurisdiction or transfer the suit to another jurisdiction where personal jurisdiction and venue did exist); 28 U.S.C. § 1406(a) (the district court where a case is filed in the wrong venue shall dismiss the case, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought). The Court does not believe that justice will be served by dismissing the action and requiring Lefkowitz to re-file in Texas, when the case can be transferred. The Southern District of Texas has personal jurisdiction over Defendant and the key witness in this case, Evatz. Based on all of the foregoing, the Court will transfer this case to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1406.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Transfer Venue is **GRANTED in part and DENIED without prejudice in part**. The motion is granted to the extent it seeks transfer of the action to the

United States District Court for the Southern District of Texas, and denied without prejudice in all other respects. [Doc. 9.]

**IT IS FURTHER ORDERED** that an appropriate order of transfer will accompany this memorandum and order.

Dated this 17th day of June, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE